JET/ADS: NOV 2019
GJ# 51

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                          ) | **Case No.:** |
| ) | |
| **EARNEST LEE COLEMAN**     ) | |
| **and**                     ) | |
| **TASHANA LYNN SIMS**       ) | |

## <u>I N D I C T M E N T</u>

The Grand Jury charges that:

### INTRODUCTION

At all times relevant to this Indictment:

1. The United States Food and Drug Administration (FDA) was the federal agency responsible for protecting the health and safety of the American public by ensuring, among other things, that drugs were safe and effective for their intended uses and bore labeling that contained true and accurate information. FDA's responsibilities included regulating the manufacture and distribution of drugs, including prescription drugs, shipped and received in interstate commerce, as well as the labeling of such drugs. FDA carried out its responsibilities by enforcing the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §§ 301-399f, and other pertinent laws and regulations.

2. The FDCA defined a "drug" to include "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man," and "articles…intended to affect the structure or any function of the body of man." 21 U.S.C. § 321(g)(1)(B) and (C).

3. Under the FDCA, a "counterfeit drug" was defined as: "a drug which…without authorization, bears the trademark, trade name, or other identifying mark, imprint, or device, or any likeness thereof, of a drug manufacturer, processor, packer, or distributor other than the person or persons who in fact manufactured, processed, packed, or distributed such drug and which thereby falsely purports or is represented to be the product of, or to have been packed or distributed by, such other drug manufacturer, processor, packer, or distributor." 21 U.S.C. § 321(g)(2).

4. Norco®, which contains the active pharmaceutical ingredients hydrocodone bitartrate and acetaminophen, was an FDA-approved prescription drug indicated for the management of pain severe enough to require an opioid analgesic and for which alternative treatments are inadequate. Allergan plc was the pharmaceutical company that had the exclusive right to manufacture Norco® for distribution within the United States.

5. Actavis Elizabeth, LLC ("Actavis") manufactured and distributed in the United States round, green tablets containing 15 mg of oxycodone hydrochloride

each and stamped with "A 214" on one side.  Actavis's oxycodone was an FDA-approved prescription drug indicated for the management of pain severe enough to require an opioid analgesic and for which alternative treatments are inadequate.

6. Xanax®, which contains the active pharmaceutical ingredient alprazolam, was an FDA-approved prescription drug indicated for the treatment of anxiety or panic disorders.  Pharmacia & Upjohn, Co., a division of Pfizer, Inc., had the exclusive right to manufacture Xanax® for distribution within the United States.

7. Rhodes Pharmaceuticals L.P. ("Rhodes") manufactured and distributed in the United States round, white tablets containing 325 mg of acetaminophen and 10 mg of oxycodone hydrochloride each and stamped with "10 325" on one side and "RP" on the other.  Rhodes's acetaminophen/oxycodone was an FDA-approved prescription drug indicated for the management of pain severe enough to require an opioid analgesic and for which alternative treatments are inadequate.

8. Greenstone, LLC ("Greenstone") manufactured and distributed in the United States oval, orange tablets containing 0.5 mg of alprazolam and stamped with "G3720" on one side.  Greenstone's alprazolam was an FDA-approved prescription drug indicated for the treatment of anxiety and panic disorders.

9. Watson Pharmaceuticals, Inc. ("Watson") manufactured and distributed in the United States round, white tablets containing 350mg of carisoprodol and stamped with "DAN" on one side and "5513" on the other.  Watson's carisoprodol

was an FDA-approved prescription drug indicated for the relief of discomfort associated with acute, painful musculoskeletal conditions in adults.

10. Camber Pharmaceuticals, Inc. ("Camber") manufactured and distributed in the United States round, white caplets containing 325 mg of acetaminophen and 10 mg of oxycodone hydrochloride each and stamped with "T 194" on one side. Camber's acetaminophen/oxycodone was an FDA-approved prescription drug indicated for the relief of pain severe enough to require an opioid analgesic and for which alternative treatments are inadequate.

**COUNT ONE: [18 U.S.C. § 922(g)(1)]**

On or about the 12th day of April, 2018, in Jefferson County, within the Northern District of Alabama, the defendant,

**EARNEST LEE COLEMAN,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a DPMS .223/5.56 caliber rifle, a Molot-Oruzhie Ltd. 12x76 caliber shotgun, a Ruger .22LR pistol, a FNH USA 5.7x28mm caliber pistol, a Glock .45 caliber pistol, a Colt 5.56x45mm caliber carbine rifle, a Heckler & Koch .22LR pistol, a Glock .40 caliber pistol, and a Springfield Armory .45 caliber pistol, and each firearm was in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1). **COLEMAN** was convicted on or about December 11, 2002, in the

4

Circuit Court of Jefferson County, Alabama, of the offense of Manslaughter, in case number CC-2002-501, the said offense being a crime punishable by a term of imprisonment exceeding one year.

**COUNT TWO: [21 U.S.C. §§ 841(a)(1) and (b)(1)(C)]**

On or about the 12th day of April, 2018, in Jefferson County, within the Northern District of Alabama, the defendants,

**EARNEST LEE COLEMAN
and
TASHANA LYNN SIMS,**

did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of heroin, a mixture and substance containing a detectable amount of fentanyl, a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of alprazolam, each a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**COUNTS THREE to SIX: [21 U.S.C. §§ 331(i)(3) and 333(b)(8), 18 U.S.C. § 2]**

The factual allegations in set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

On or about 12th day of April, 2018, in Jefferson County, within the Northern District of Alabama and elsewhere, the defendants,

**EARNEST LEE COLEMAN**
**and**
**TASHANA LYNN SIMS,**

aided and abetted by each other, knowingly held for sale and dispensing counterfeit drugs, as more fully described below:

| COUNT | COUNTERFEIT DRUG HELD FOR SALE/DISPENSING |
|---|---|
| 3 | 80 counterfeit Norco® tablets (debossed with "NORCO 539") |
| 4 | 136 counterfeit Actavis's Oxycodone Hydrochloride 15mg tablets (debossed with "A 214") |
| 5 | 48 counterfeit Rhodes's Acetaminophen/Oxycodone tablets (debossed with "RP" on one side and "10 325" on the other) |
| 6 | 112 counterfeit Watson Pharmaceuticals's Carisoprodol 350mg tablets (debossed with "5513" on one side and "DAN" on the other) |

Each count constituting a separate and distinct violation of Title 21, United States Code, Sections 331(i)(3) and 333(b)(8) and Title 18, United States Code, Section 2.

**COUNTS SEVEN to TWELVE: [21 U.S.C. §§ 331(i)(2) and 333(a)(2), 18 U.S.C. § 2]**

The factual allegations in set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

On or about 12th day of April, 2018, in Jefferson County, within the Northern District of Alabama and elsewhere, the defendants,

**EARNEST LEE COLEMAN**
**and**
**TASHANA LYNN SIMS,**

aided and abetted by each other, with intent to defraud and mislead, kept in their possession, control, and custody punches, dies, plates, and other things designed to print, imprint, and reproduce the trademarks, trade names, and other identifying marks, imprints, and devices of another and any likeness of any of the foregoing upon drugs so as to render such drugs counterfeit drugs, as more fully described below:

| COUNT | PUNCHES, DIES, PLATES, AND OTHER THINGS |
|---|---|
| 7 | A pill press |
| 8 | Die cast/punch to counterfeit Allergan's Norco® (hydrocodone bitartrate/acetaminophen) tablets, embossed "NORCO 539" |
| 9 | Die cast/punch to counterfeit Actavis's Oxycodone tablets, embossed "A 214" |
| 10 | Die cast/punch to counterfeit Rhodes Pharmaceuticals L.P.'s Acetaminophen/Oxycodone hydrochloride tablets, embossed "10 325" / "RP" |
| 11 | Die cast/punch to counterfeit Pfizer's Xanax® (alprazolam) tablets, embossed Xanax 1.0 |
| 12 | Die cast/punch to counterfeit Watson's Carisoprodol tablets, embossed 5513/DAN |

Each count constituting a separate and distinct violation of Title 21, United States Code, Sections 331(i)(2) and 333(a)(2) and Title 18, United States Code, Section 2.

**COUNT THIRTEEN: [21 U.S.C. §§ 331(k) and 333(b)(7), 18 U.S.C. § 2]**

The factual allegations in set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

On or about 12th day of April, 2018, in Jefferson County, within the Northern District of Alabama and elsewhere, the defendants,

**EARNEST LEE COLEMAN
and
TASHANA LYNN SIMS,**

aided and abetted by each other, knowingly and intentionally manufactured and adulterated a drug, namely round green tablets debossed with "A 214" on the bisected side. Despite debossing the tablets with the "A 214" imprint used legitimately for Actavis's 15 mg Oxycodone Hydrochloride, the defendants did not use Oxycodone Hydrochloride during the manufacturing process, and instead, substituted Acetaminophen, Fentanyl, Heroin, and Papaverine. These acts caused the drug to be adulterated within the meaning of Title 21, United States Code, Sections 351(b) and 351(d), and the adulteration had a reasonable probability of causing serious adverse health consequences and death to humans. The manufacturing of this drug occurred after component ingredients of the drug had been shipped in interstate commerce, from outside of Alabama to Alabama, and while such drug was held for sale.

All in violation of Title 21, United States Code, Sections 331(k) and 333(b)(7) and Title 18, United States Code, Section 2.

**COUNT FOURTEEN: [18 U.S.C. § 922(g)(1)]**

On or about the 2nd day of October, 2019, in Jefferson County, within the Northern District of Alabama, the defendant,

**EARNEST LEE COLEMAN,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Glock 9mm pistol and a Glock .40 caliber pistol, and each firearm was in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1). **COLEMAN** was convicted on or about December 11, 2002, in the Circuit Court of Jefferson County, Alabama, of the offense of Manslaughter, in case number CC-2002-501, the said offense being a crime punishable by a term of imprisonment exceeding one year.

**COUNTS FIFTEEN to SIXTEEN: [21 U.S.C. §§ 331(i)(2) and 333(a)(2), 18 U.S.C. § 2]**

The factual allegations in set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

9

On or about 2nd day of October, 2019, in Jefferson County, within the Northern District of Alabama and elsewhere, the defendants,

**EARNEST LEE COLEMAN**
and
**TASHANA LYNN SIMS,**

aided and abetted by each other, with intent to defraud and mislead, kept in their possession, control, and custody punches, dies, plates, and other things designed to print, imprint, and reproduce the trademarks, trade names, and other identifying marks, imprints, and devices of another and any likeness of any of the foregoing upon drugs so as to render such drugs counterfeit drugs, as more fully described below:

| COUNT | PUNCHES, DIES, PLATES, AND OTHER THINGS |
|---|---|
| 15 | A pill press |
| 16 | Die cast/punch to counterfeit Camber Pharmaceuticals, Inc., Acetaminophen/Oxycodone hydrochloride tablets, stamped "T 194" |

Each count constituting a separate and distinct violation of Title 21, United States Code, Sections 331(i)(2) and 333(a)(2) and Title 18, United States Code, Section 2.

**NOTICE OF FORFEITURE:** [21 U.S.C. § 853 and 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c)]

The allegations contained in Counts Two, Three through Thirteen, and Fifteen through Sixteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

From their engagement in the violations alleged in Counts Two, Three through Thirteen, and Fifteen through Sixteen of this Indictment, punishable by imprisonment for more than one year, the defendants,

**EARNEST LEE COLEMAN**
and
**TASHANA LYNN SIMS,**

shall forfeit to the United States of America, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), all of their right, title and interest in:

    a.    property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violation(s); and,

    b.    property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

The property to be forfeited includes, but is not limited to:

    a.    one DPMS model A-15 .223/5.56 caliber rifle, bearing serial number FH2465;

    b.    one Molot-Oruzhie Ltd. Model VEPR-12 12x76 caliber shotgun, bearing serial number 13 V TC 8462;

    c.    one Ruger model 22/45 MKIII .22LR pistol, bearing serial number 272-12228;

    d.    one FNH USA model Five-Seven 5.7x28mm caliber pistol, bearing serial number 386157113;

    e.    one Glock model 21 .45 caliber pistol, bearing serial number XUA756;

    f.    one Colt Law Enforcement AR-Type 5.56x45mm caliber carbine rifle, bearing serial number LE051720;

    g.    one Heckler & Koch model HK 416 .22LR pistol, bearing serial number WH012006;

    h.    one Glock model 22 .40 caliber pistol, bearing serial number UKG978;

    i.    one Springfield Armory model XD45 .45 caliber pistol, bearing serial number US731767;

    j.    one Glock model 26 9mm pistol, bearing serial number CCB922US;

    k.    one Glock model 22 .40 caliber pistol, bearing serial number KYZ351;

    l.    two pill presses (seized on April 12, 2018, and October 2, 2019);

    m.  Die cast/punch embossed "NORCO 539";

    n.  Die cast/punch embossed "A 214";

    o. Die cast/punch embossed "10 325" / "RP";

    p. Die cast/punch embossed Xanax 1.0;

    q. Die cast/punch embossed 5513/DAN; and

    r. Die cast/punch stamped "T 194".

If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred, sold to, or deposited with a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or,

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), up to the value of the forfeitable property.

The allegations contained in Counts One and Fifteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Upon conviction of the offenses charged in Counts One and Fifteen of this Indictment, in violation of 18 U.S.C. § 924(c), the defendant,

**EARNEST LEE COLEMAN,**

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the commission of the offenses, including but not limited to:

 a. one DPMS model A-15 .223/5.56 caliber rifle, bearing serial number FH2465;

 b. one Molot-Oruzhie Ltd. Model VEPR-12 12x76 caliber shotgun, bearing serial number 13 V TC 8462;

 c. one Ruger model 22/45 MKIII .22LR pistol, bearing serial number 272-12228;

 d. one FNH USA model Five-Seven 5.7x28mm caliber pistol, bearing serial number 386157113;

 e. one Glock model 21 .45 caliber pistol, bearing serial number XUA756;

 f. one Colt Law Enforcement AR-Type 5.56x45mm caliber carbine rifle, bearing serial number LE051720;

 g. one Heckler & Koch model HK 416 .22LR pistol, bearing serial number WH012006;

 h. one Glock model 22 .40 caliber pistol, bearing serial number UKG978;

  i. one Springfield Armory model XD45 .45 caliber pistol, bearing serial number US731767;

  j. one Glock model 26 9mm pistol, bearing serial number CCB922US; and

  k. one Glock model 22 .40 caliber pistol, bearing serial number KYZ351.

A TRUE BILL

*/s/electronic signature*
FOREPERSON OF THE GRAND JURY  JAY E. TOWN
                 United States Attorney

                 */s/electronic signature*
                 AUSTIN D. SHUTT
                 Assistant United States Attorney