FILED

2021 Jan-29  PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | **2:19-cr-576-ACA-HNJ** |
| | ) | |
| **EARNEST LEE COLEMAN** | ) | |

## <u>PLEA AGREEMENT</u>

The United States of America and defendant EARNEST LEE COLEMAN

hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to plead guilty to COUNTS ONE through SIXTEEN

of the Indictment filed in the above numbered and captioned matter.   In exchange,

the United States Attorney, acting on behalf of the United States and through the

undersigned Assistant United States Attorney agrees to recommend the disposition

specified below.

## <u>TERMS OF THE AGREEMENT</u>

## I. <u>MAXIMUM PUNISHMENT</u>:

The Parties understand that the maximum statutory punishment that may be

imposed for the crime of Felon in Possession of a Firearm, in violation of Title 18,

United States Code, Section 922(g)(1), as charged in COUNTS ONE and

Defendant's Initial: *E.C.*

FOURTEEN is (per count):

    a.    Imprisonment for not more than ten (10) years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years;

    e.    Criminal forfeiture; and

    e.    A Special Assessment Fee of $100 per count.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Possession With the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), as charged in COUNT TWO is:

    a.    Imprisonment for not more than twenty (20) years;

    b.    A fine of not more than $1,000,000, or,

    c.    Both (a and b);

    d.    Supervised release of at least 3 years;

    e.    Criminal forfeiture; and

    e.    A Special Assessment Fee of $100 per count.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Holding for Sale and Dispensing a Counterfeit Drug, in

Defendant's Initial: _E.C._

violation of Title 21, United States Code, Sections 331(i)(3) and 333(b)(8), as charged in COUNTS THREE through SIX, is (per count):

    a.    Imprisonment for not more than ten (10) years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years; and

    e.    A Special Assessment Fee of $100 per count.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Keeping Punches, Dies, Plates, and Other Things with Intent to Defraud or Mislead, in violation of Title 21, United States Code, Sections 331(i)(2) and 333(a)(2), as charged in COUNTS SEVEN through TWELVE and FIFTEEN and SIXTEEN, is (per count):

    a.    Imprisonment for not more than three (3) years;

    b.    A fine of not more than $10,000, or,

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years; and

    e.    A Special Assessment Fee of $100 per count.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Adulteration of a Drug, in violation of Title 21, United

3

Defendant's Initial: _E(_

States Code, Sections 331(k) and 333(b)(7), as charged in COUNT THIRTEEN, is:

        a.      Imprisonment for not more than twenty (20) years;

        b.      A fine of not more than $1,000,000, or,

        c.      Both (a and b);

        d.      Supervised release of not more than 3 years; and

        e.      A Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA:

**The defendant hereby stipulates to the accuracy of the following information:**

**Counts 1 – 13**

In early April 5, 2018, Alabama Law Enforcement Agency (ALEA) narcotics officers learned of an international mail package that customs agents intercepted en route to 3300 Berkley Avenue, Bessemer, Alabama, from China. The package was addressed to defendant Earnest COLEMAN and contained two metal dies and a metal mold designed to be used in a pill press for the production of pressed tablets or pills.   Agents delivered the package and searched 3300 Berkley Avenue, a residence, pursuant to a warrant. COLEMAN and his wife, Tashana SIMS, were encountered at the residence.

4

Defendant's Initial: E.C.

Agents seized:

    a.  Pill press machine

    b.  80 counterfeit Norco® tablets (embossed with NORCO 539)

    c.  136 counterfeit Actavis's Oxycodone Hydrochloride 15mg tablets (embossed with A 214)

    d.  48 counterfeit Rhodes's Acetaminophen/Oxycodone tablets (embossed with RP on one side and 10 325 on the other)

    e.  76 counterfeit Greenstone LLC's Alprazolam 0.5mg tablets (embossed with G3720)

    f.  112 counterfeit Watson Pharmaceutical's Carisoprodol 350mg tablets (embossed with 5513 on one side and DAN on the other)

    g.  Die cast/punch to counterfeit Allergan's Norco® (hydrocodone bitartrate/acetaminophen) tablets – stamped NORCO 539

    h.  Die cast/punch to counterfeit Actavis's Oxycodone tablets – stamped A 214

    i.  Die cast/punch to counterfeit Rhodes Pharmaceuticals L.P.'s Acetaminophen/Oxycodone hydrochloride tablets – stamped 10 325/RP

    j.  Die cast/punch to counterfeit Pfizer's Xanax® (alprazolam) tablets – stamped Xanax 1.0

    k.  Die cast/punch to counterfeit Watson's Carisoprodol tablets – stamped 5513/DAN

    l.  Cocaine and heroin, recovered from a kitchen cabinet along with suspected binding agents and a Springfield .45 caliber firearm.

Agents also seized several firearms, including a Glock .40 caliber pistol possessed by SIMS.

Defendant's Initial: _E.S._

COLEMAN was advised of his <u>Miranda</u> rights and interviewed. COLEMAN stated that approximately one year prior he ordered a pill press from a website, and the press was delivered to the 3300 Berkley residence. COLEMAN further stated it took him several months to figure out how to use the press, after which time he used die casts to make counterfeit versions of name-brand drugs, including: Lortab, Adderall, Soma, Xanax, Ecstasy, Oxycodone, and OxyContin.   To do so, COLEMAN used ingredients that were shipped in interstate commerce.   COLEMAN stated he sold and/or traded these pills to obtain other drugs.

Agents requested FDA's Forensic Chemistry Center (FCC) to conduct additional analysis on items seized from the April 12, 2018, search, including the tablets with the "A 214" imprint, which is used legitimately for Actavis's 15 mg Oxycodone Hydrochloride. According to FCC, the round green tablets embossed with "A 214" on the bisected side did not contain Oxycodone Hydrochloride, but did contain Acetaminophen, Fentanyl, Heroin, and Papaverine.

**Counts 14 – 16**

6

Defendant's Initial: _B.C._

In September 2019, agents received customs information indicating that COLEMAN had received additional international shipments at 3300 Berkley Avenue following the April 2018 seizures.

Agents applied for, and received, a search warrant for the 3300 Berkley Avenue address and searched the COLEMAN-SIMS residence on October 2, 2019.   Agents found a pill press and die/cast stamped "T194" to counterfeit Camber Pharmaceuticals Acetaminophen and Oxycodone Hydrochloride 325mg/10mg tablets.   Additionally, agents recovered two Glock handguns, one on each side of the bed in the main bedroom.   COLEMAN and SIMS were both at home at the time of the search and were arrested.

**COLEMAN's felony conviction & firearms interstate nexus**

Criminal records establish that COLEMAN was convicted of Manslaughter in December 2002, in the Circuit Court of Jefferson County, Alabama, in case number CC-2002-501.   (Manslaughter is a crime punishable by a term of imprisonment exceeding one year.)

ATF reports show that each of the firearms recovered from the Bessemer address in April 2018 and October 2019 was manufactured, assembled, and/or imported from out of state, thus affecting interstate commerce.

7

Defendant's Initial: _E.C._

This factual basis hereby incorporates by reference introductory paragraphs 1 through 10 (inclusive) of the Indictment, and the defendant stipulates to the accuracy of the information they contain.

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.   The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

**EARNEST LEE COLEMAN**

## V.   <u>RECOMMENDED SENTENCE</u>:

Pursuant to Rule 11(c)(1)(B), <u>Fed.R.Crim.P.</u>, the government will recommend the following disposition:

(a)   That the defendant be awarded an appropriate reduction in the offense level for acceptance of responsibility;

(b)   That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of imprisonment consistent with the guideline range that will be determined at the sentencing hearing;

8

Defendant's Initial: ELC

(c)     That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3,

(d)     That the defendant be required to pay a fine which will be determined by the court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e)     That the defendant pay a special assessment fee of $1,600, said amount due and owing as of the date sentence is pronounced.

## VI.   WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

In consideration of the recommended disposition of this case, I, EARNEST LEE COLEMAN, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me.   Further, I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to,

9

Defendant's Initial: *E.L.*

a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

> (a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s); and
>
> (b)   Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.
>
> (c)   Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, EARNEST LEE COLEMAN, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
EARNEST LEE COLEMAN

10

Defendant's Initial: _____

## VII.   UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature.    Sentencing is in the court's discretion and is no longer required to be within the guideline range.    The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VIII. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation.    Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## IX. VOIDING OF AGREEMENT:

The defendant understands that should he    (a) violate any federal, state, or

11

Defendant's Initial: _E·G_

local law after entering into this Plea Agreement, (b) move the Court to accept plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## X.   <u>OTHER DISTRICTS AND JURISDICTIONS</u>:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

12

Defendant's Initial: E. C.

## XI.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to forfeit to the Government all of the defendant's interests in any asset of a value of more than $1,000 that, within the last five years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

13

Defendant's Initial: BrC

The defendant agrees to forfeit all interests in any asset constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the criminal offenses described in this agreement and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, as well as all firearms and ammunition involved in or used in the commission of the offenses, including but not limited to the following specific property:

a.   one DPMS model A-15 .223/5.56 caliber rifle, bearing serial number FH2465;

b.   one Molot-Oruzhie Ltd. Model VEPR-12 12x76 caliber shotgun, bearing serial number 13 V TC 8462;

c.   one Ruger model 22/45 MKIII .22LR pistol, bearing serial number 272-12228;

d.   one FNH USA model Five-Seven 5.7x28mm caliber pistol, bearing serial number 386157113;

e.   one Glock model 21 .45 caliber pistol, bearing serial number XUA756;

f.   one Colt Law Enforcement AR-Type 5.56x45mm caliber carbine rifle, bearing serial number LE051720;

14

Defendant's Initial: _BLL_

g.    one Heckler & Koch model HK 416 .22LR pistol, bearing serial number WH012006;

h.    one Glock model 22 .40 caliber pistol, bearing serial number UKG978;

i.    one Springfield Armory model XD45 .45 caliber pistol, bearing serial number US731767;

j.    one Glock model 26 9mm pistol, bearing serial number CCB922US;

k.    one Glock model 22 .40 caliber pistol, bearing serial number KYZ351;

l.   one pill press seized on April 12, 2018, presently in the custody of law enforcement;

m.  one pill press seized October 2, 2019, presently in the custody of law enforcement;

n.   Die cast/punch embossed "NORCO 539";

o.   Die cast/punch embossed "A 214";

p.   Die cast/punch embossed "10 325" / "RP";

q.   Die cast/punch embossed Xanax 1.0;

r.   Die cast/punch embossed 5513/DAN; and

15

Defendant's Initial: _EL_

s.  Die cast/punch stamped "T 194".

The defendant agrees to consent to the immediate entry of an order of forfeiture for this property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment or factual basis of this agreement. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

Defendant's Initial: _EC_

<u>**Non-Abatement of Criminal Forfeiture**</u>

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XII.   **<u>DEFENDANT'S UNDERSTANDING</u>:**

I have read and understand the provisions of this agreement consisting of 19 pages.   I have discussed the case and my constitutional and other rights with my lawyer.   I am satisfied with my lawyer's representation in this case.   I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present

17

Defendant's Initial: _E_

evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence.    I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours other than: _My medication_ .

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

1·28·21
DATE

**EARNEST LEE COLEMAN**
Defendant

18

Defendant's Initial: _EC_